**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5495-17T1

FARMLAND DAIRIES, INC.,

      Plaintiff-Respondent,

v.

BOROUGH OF WALLINGTON
(Bergen County),

      Defendant-Respondent.

_____

DONALD NUCKEL,

      Appellant.

_____

Argued January 7, 2019 – Decided January 15, 2019

Before Judges Sabatino, Sumners and Mitterhoff.

On appeal from the Tax Court of New Jersey, Docket Nos. 009501-2014, 004801-2015, and 002499-2016, whose opinion is reported at 30 N.J. Tax 465 (Tax 2018).

Arthur N. Chagaris argued the cause for appellant (Beattie Padovano, LLC, attorneys; Arthur N. Chagaris, of counsel and on the briefs; John J. Lamb, of counsel; Levi J. Kool and Martin R. Kafafian, on the briefs).

Peter L. Davidson argued the cause for respondent Farmland Dairies, Inc. (The Davidson Legal Group, LLC, attorneys; Peter L. Davidson, on the brief).

Paul M. Elias argued the cause for respondent Borough of Wallington (Bittiger Elias & Triolo, PC, attorneys; Paul M. Elias, of counsel and on the brief).

PER CURIAM

This matter, involving an effort by a taxpayer to intervene in another landowner's local property tax appeal, returns following a remand this court ordered in a November 13, 2017 per curiam opinion. Farmland Dairies, Inc. v. Borough of Wallington, 30 N.J. Tax 322 (App. Div. 2017). In our original decision, we affirmed the Tax Court's initial June 21, 2016 opinion insofar as the Tax Court concluded that proposed intervenor Donald Nuckel did not have a right under Rule 4:33-1 to intervene in the tax appeal of Farmland Dairies, Inc. ("Farmland") relating to the 2014, 2015, and 2016 tax assessments by the Borough of Wallington of Farmland's property.[1] Id. at 325 (affirming in part and remanding in part Farmland Dairies, Inc. v. Borough of Wallington, 29 N.J. Tax 310 (Tax 2016)). However, because the Tax Court at that time did not reach Nuckel's alternative argument that he should have been granted permissive

---

[1] The briefs advise us that the Farmland property was sold to UMDASCH Real Estate U.S.A., LTD in September 2017. That buyer is not a party to this appeal.

intervention under Rule 4:33-2, we remanded the matter to the Tax Court to consider that discrete issue. Ibid.

The Tax Court accordingly reconsidered the matter and concluded in a detailed opinion by Judge Kathi F. Fiamingo dated June 8, 2018 that Nuckel had failed to show that he should be permitted to intervene in Farmland's 2014-2016 tax appeals under Rule 4:33-2. See Farmland Dairies, Inc. v. Borough of Wallington, 30 N.J. Tax 465 (Tax 2018). Nuckel now appeals that June 8, 2018 determination.

Among other things, Nuckel argues: (1) the Tax Court improperly treated his motions to intervene as untimely under the applicable statutes of limitations; (2) there would be no undue delay or material prejudice in allowing him to intervene in these tax appeals; and (3) he has a substantial interest as a fellow resident taxpayer in arguing that the Borough has not under assessed Farmland's property and in assuring that its appraisals are not diminished through a settlement or defeated in the Tax Court litigation. The Borough and Farmland both urge that we reject these contentions and allow this Tax Court litigation to proceed unencumbered by Nuckel's participation.

Having considered these points and others raised by Nuckel on appeal, we affirm the Tax Court's denial of permissive intervention to Nuckel under Rule

A-5495-17T1

4:33-2, substantially for the sound reasons expressed in Judge Fiamingo's scholarly June 8, 2018 post-remand opinion.

We add only a few amplifying comments. The Tax Court appropriately enforced the statute of limitations prescribed by N.J.S.A. 54:3-21(a)(1) in rejecting Nuckel's attempt to intervene permissively after that statute of limitations had expired. Notably, both the provisions concerning intervention as of right, Rule 4:33-1, and permissive intervention under Rule 4:33-2, begin with the qualifying phrase "Upon timely application . . . ." As Judge Fiamingo's opinion explains, that language should be heeded in the special context of local property tax appeals, in which statutes of limitations are jurisdictional and thus strictly enforced. Id. at 474-75; see also McMahon v. City of Newark, 195 N.J. 526, 530 (2008).

Nuckel has not demonstrated that it is unfair to enforce the statute of limitations against him as a proposed intervenor. Nor has he shown it is not feasible for motions to intervene to be filed within the statute of limitations. Indeed, the parties' submissions inform us that Nuckel did, in fact, file timely

4

motions to intervene in Farmland's tax appeals for the subsequent tax years of 2017 and 2018.[2]

We disagree with Nuckel's contention that the Tax Court strayed from this court's mandate in our November 2017 opinion. To the contrary, the Tax Court faithfully applied the law and fairly took into account equitable principles as we instructed. Moreover, to the extent that Nuckel's motions to intervene in the 2014-2016 tax cases could be interpreted as seeking to join the Borough's defense of the tax appeals, his proposed involvement was appropriately barred because "the only party with standing to defend a[] [tax] assessment . . . is the taxing district in which the property is located." Farmland Dairies, Inc., 30 N.J. Tax at 477.

Lastly, the judge reasonably found no equitable factors to warrant Nuckel's permissive intervention under Rule 4:33-2.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] We express no views here concerning the propriety of Nuckel's participation in those appeals, in which he apparently has asserted counterclaims.

A-5495-17T1